IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAN PAVLOV,<br>       **Plaintiff,**<br><br>      **v.**<br><br>**WILMINGTON SAVINGS FUND<br>SOCIETY, FSB<br>DUNBAR LLC<br>DUNBAR GROUP LLC**<br>       **Defendants.** | **CIVIL ACTION**<br><br><br><br>NO.  25CV7362 |

## MEMORANDUM OPINION

This suit concerns the handling of funds allegedly owed to bank account beneficiaries. Elan Pavlov, a beneficiary of his grandmother's payable-on-death account with Wilmington Savings Fund Society ("WSFS"), alleges that WSFS routinely fails to grant beneficiaries access to accounts that are rightfully theirs upon triggering events, such as the death of the account holder or, in the context of custodial accounts, once a minor beneficiary reaches the age of majority.  He further alleges that WSFS fails to provide periodic account statements, disclosures, and notices required by federal law; fails to maintain accurate beneficiary records for its account holders; and engages third-party vendors to obtain information about named beneficiaries that WSFS was allegedly obligated to know in the first place.  Those third-party vendors, including Dunbar LLC and Dunbar Group LLC (collectively, "Dunbar"), allegedly attempt to extract money from beneficiaries in exchange for access to property that is lawfully theirs.  Pavlov alleges that Dunbar does so without revealing the financial institutions where the beneficiaries' accounts are located or providing any other information that would permit beneficiaries to access their property on their own.  According to Pavlov, Dunbar refuses to provide such information until beneficiaries agree, in writing, to forfeit a percentage of the proceeds that are "recovered."

1

Pavlov asserts claims against WSFS on behalf of himself and a putative class of individuals designated as beneficiaries of accounts administered by WSFS.  He alleges that WSFS engaged in systemic breaches of its obligations to named beneficiaries of WSFS accounts. His claims against WSFS include violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693d, *et seq.*, negligence, violations of the Delaware Consumer Fraud Protection Act, Del. Code tit. 6, § 2511 *et seq.*, conversion, unjust enrichment, and breach of confidence.

Pavlov also asserts claims against Dunbar on behalf of himself and all individuals from whom Dunbar allegedly attempted to extract money before granting access to bank accounts that were legally theirs.  His claims against Dunbar include violations of the Delaware Consumer Fraud Protection Act, Del. Code tit. 6, § 2511 *et seq.*, and aiding and abetting breach of confidence.

WSFS and Dunbar each move to dismiss Pavlov's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  When analyzing a motion to dismiss, a complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

2

(citation omitted).  Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id.* at 210-11 (citation omitted).

WSFS' argument that Pavlov fails to state a claim under the EFTA, his only federal claim is correct.  The EFTA requires financial institutions to "provide each consumer with a periodic statement for each *account of such consumer* that may be accessed by means of an electronic fund transfer." *See* 15 U.S.C. § 1693d(c) (emphasis added).  Pavlov alleges that, upon his grandmother's death, WSFS failed to provide the required periodic statements and disclosures for her account and, as a result, he, and other similarly situated class members, suffered damages including "deprivation of access to funds that were lawfully theirs, loss of privacy, lost investment opportunities, and other consequential losses."

There is no dispute that Pavlov is a "consumer" under the EFTA, which defines that term as a "natural person." *See* 15 U.S.C. § 1693a(6).  The dispute, rather, is whether the account at issue here, Pavlov's grandmother's payable-on-death account with WSFS, was an "account of" Pavlov within the meaning of the EFTA.[1]  The Supreme Court has frequently explained that a statute's "use of the word 'of' denotes ownership." *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 563 U.S. 776, 788 (2011) (quoting *Poe v. Seaborn,* 282 U.S. 101, 109 (1930)); see *also Flores-Figueroa v. United States,* 556 U.S. 646, 647, 657 (2009) (treating the phrase "identification [papers] of another person" as meaning such items belonging to another person (internal quotation marks omitted)); *Ellis v. United States,* 206 U.S. 246, 259

---

[1] The parties discuss the applicability of *Marquess v. Pennsylvania State Emps. Credit Union*, 427 F. App'x 188 (3d Cir. 2011).  But *Marquess* is non-precedential.  *See* CTA3 App. I, IOP 5.7 (Opinions published in the Federal Appendix "are not regarded as precedents that bind the court because they do not circulate to the full court before filing.").

(1907) (interpreting the phrase "works of the United States" to mean "works . . . belonging to the United States" (internal quotation marks omitted)).  Thus, the statute's plain language indicates that EFTA obligations apply only if Pavlov owned the account.  *See Lawrence v. City of Philadelphia, Pa.*, 527 F.3d 299, 316-17 (3d Cir. 2008) ("Because we are interpreting a statute, we need . . . consider[] first the plain meaning of the statutory text.").

Pavlov argues that the account maintained at WSFS by his grandmother "transfer[ed] 'automatically' to the named beneficiary"—him—"upon the death of the original owner"—his grandmother.  Thus, Pavlov argues, "[f]rom that point forward, the account was an 'account of' [] Pavlov within the meaning of the ETFA, and WSFS was required to provide account statements to Pavlov."  But, whether the account passed to him upon his grandmother's death is a legal conclusion, not a fact, and is therefore not to be taken as true at the motion to dismiss stage. *See e.g. Brown v. Comm'r of Internal Revenue*, 131 F.2d 640, 641 (3d Cir. 1942) ("Ownership, while based on facts is . . . a legal concept.").  Pavlov cites no viable authority supporting his contention that the account transferred to him upon his grandmother's death, and thus no basis to conclude that the account maintained by his grandmother at WSFS became an "account of" Pavlov upon her death.

Accordingly, he has forfeited the argument, and his EFTA claim must be dismissed.  *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ("[A]n argument consisting of no more than a conclusory assertion such as the one made here . . . will be deemed waived."); *see also United States v. Heatherly*, 985 F.3d 254, 270 (3d Cir. 2021) (treating failure to "develop[ ] . . . arguments properly" as forfeiture).

With Pavlov's failure to state his federal EFTA claim, the only remaining claims are state-law claims.  That raises a question as to whether the Court has subject matter jurisdiction.

*See Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002) ("Court[s have] a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction."). Pavlov, the plaintiff, bears the burden of establishing subject matter jurisdiction. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). In his complaint, Pavlov asserts that jurisdiction is proper pursuant to 28 U.S.C. § 1331 because the Complaint asserts a claim under the EFTA. Having determined that the EFTA claim fails, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is not proper. *See, e.g.*, *Davis v. U.S. Bank Nat'l Ass'n*, 2013 WL 271887, at *2 (E.D. Pa. Jan. 24, 2013) ("Because we have dismissed his federal count, there is no longer federal question jurisdiction.").

Pavlov also contends that subject matter jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), "because 'minimal diversity' exists, at least one member of the putative class is a citizen of a state different from any defendant . . . the proposed class exceeds 100 members, and the aggregate amount in controversy exceeds $5,000,000." *See* 28 U.S.C. § 1332(d)(5)(B), (d)(6). Although Pavlov alleges that the amount in controversy exceeds $5,000,000, the threshold required for CAFA jurisdiction, he provides no additional factual detail to support that allegation. Aside from statutory damages under the EFTA, which are no longer available to him or the class after the dismissal of that claim, his requested damages include loss-of-use damages or interest for any delay in transferring the money allegedly owed to him and other class members, as well as any wrongfully assessed fees or charges on the accounts before transfer. But he does not provide any specific value for those amounts as to himself or other class members, nor does he even identify the amount allegedly owed to him as beneficiary of his grandmother's account. And while Pavlov asserts in his Complaint that "thousands of account beneficiaries were affected by the unlawful policies of

WSFS" and "thousands of property owners were injured by Dunbar's predatory conduct," he later states in his briefing that "most account owners do not suffer tangible damage when their banks fail to send them account statements." The Court is therefore left only to speculate. It cannot determine, based on the facts alleged, how the amount in controversy here could plausibly exceed $5,000,000. It therefore appears that Pavlov has not met his burden to establish this Court's subject matter jurisdiction. *See*, *e.g.*, *Hawk Valley, Inc. v. Taylor*, 2011 WL 710466, at *3 (E.D. Pa. Feb. 28, 2011) (finding no way to plausibly conclude the amount in controversy exceeds $5,000,000 where "[t]he Complaint provides no other numerical estimate or other allegation from which I may infer that the amount in controversy is met"); *Brown v. SharkNinja Operating LLC*, 2024 WL 4563387, at *5 (D.N.J. Oct. 23, 2024) (finding that because of the "relatively nominal individual values at stake," the plaintiff's "complaint [did] not appear to plausibly allege that the amount in controversy exceeds the $5,000,000 threshold.").

An appropriate order follows.

BY THE COURT:

S/ **WENDY BEETLESTONE**

_____
**WENDY BEETLESTONE, C.J.**

6